**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 1 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-36771 |
| | ) | |
| Michael Todd Lucious and Sarah J. Lucious | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

### ORDER

The court held a hearing on July 31, 2012, on Green Tree Servicing LLC's Motion to Extend Time to File a Reaffirmation Agreement [Doc. # 64]. An Attorney for Movant Green Tree Servicing LLC ("Green Tree") and Attorney for Debtors both appeared by telephone at the hearing.

Green Tree commenced an action in state court against Debtors after entry of their discharges to collect the debt that is the subject of the Reaffirmation Agreement, which was filed with the court on April 28, 2009, also after Debtors' discharges were already entered. Debtors recently reopened this case to file an adversary complaint relating to those actions, leading Green Tree to file its motion to extend the deadline to make the Reaffirmation Agreement timely filed and presumably enforceable. Its motion is premised on the terms of Rule 4008(a) of the Federal Rules of Bankruptcy Procedure and general principles of equity, both of which come a cropper in this case due to the superseding provisions of Section 524(c) of the Bankruptcy Code governing the making of reaffirmation agreements.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). The deadline for filing reaffirmation agreements in this case was April 6, 2009, which was the sixtieth day after the meeting of creditors set for February 5, 2009. The Reaffirmation Agreement was not filed by the deadline.

Rule 4004(c)(2) also provides a vehicle for delaying the entry of discharge at the request of a debtor. Fed. R. Bankr. P. 4004(c)(2). No such request was made in this case. Debtors' discharges were then entered on April 10, 2009, although the case remained open for the administration of assets thereafter.

The Reaffirmation Agreement in issue was filed by the creditor's representative (Green Tree's predecessor in interest) on April 28, 2009. [Doc. # 41]. The Reaffirmation Agreement shows that while Debtors signed it before their discharges were entered, the creditor's representative did not sign it until the April 28, 2009, date upon which it was filed with the court. [Doc. # 41 at p. 6/8].

Rule 4008(a) permits the time for filing reaffirmation agreements to be enlarged "at any time." Fed. R. Bankr. P. 4008(a). Notwithstanding that the filing deadline may be extended at any time, the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008). Moreover, the provisions of § 524 governing reaffirmation agreements are generally to be strictly construed because they represent exception of personal liability for debts from discharge and the fresh start. *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). The time of making a reaffirmation agreement is determined from when the parties signed the document, s*ee Golladay,* 391 at 422, n.1 (time of making of agreement is reflected by signature dates), which is why the approved forms require that signature dates be affixed. The Reaffirmation Agreement was not entered into before Debtors' discharges on April 10, 2009, because it was not signed by the creditor's representative until April 28, 2009. Both the statute and applicable case law make it clear that a reaffirmation agreement will be unenforceable (by either party) if it is not made before discharge.

Even though the Rule 4008 filing deadline problem might technically still be overcome, more than three years later, the Reaffirmation Agreement itself is nevertheless unenforceable because it was not made before Debtors' discharges were entered. There is no reason to extend the filing deadline *nunc pro tunc* as

now requested by Green Tree because doing so will not fix the real problem and make the Reaffirmation Agreement enforceable.[1]

**THEREFORE**, for the foregoing reasons, **IT IS ORDERED** that Green Tree Servicing LLC's Motion to Extend Time to File a Reaffirmation Agreement [Doc. # 64] is hereby **DENIED.**

###

---

[1] Although the court has not been asked to do so in Green Tree's motion, it seems appropriate to point out that the court also does find a statutory or other basis to vacate discharge to validate or permit a post-discharge reaffirmation agreement. As most other bankruptcy judges who have addressed this issue have held, including at least one in this district, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(Surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010). Nor would Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, appear to provide grounds for relief in this instance. The entry of Debtors' discharges did not occur by mistake and no extraordinary circumstances have been raised by Green Tree that would otherwise justify vacation at its request, when it was its own predecessor in interest's actions that were untimely, not Debtors' actions.